<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
------------------------------------------------ :
                                                 :
                                                 :
ROBERT E. FARRELL, SR.,                          :
                                                 :
              Plaintiff,                         :   Civil Action No. 08-120 (SRC) (MAS)
                                                 :
v.                                               :
                                                 :
ERIC K. SHINSEKI, SECRETARY,                     :            OPINION
Department of Veterans' Affairs,                 :
                                                 :
              Defendants.                        :
------------------------------------------------ :
```

**<u>CHESLER, U.S.D.J.</u>**

This matter comes before the Court on the motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56, by Eric K. Shinseki, Secretary, Department of Veterans' Affairs (the "Government.")  For the reasons set forth below, the Government's motion will be granted.

This case concerns a dispute over whether the Government properly accorded Plaintiff a preference as a veteran in a hiring process, in violation of the Veterans Employment Opportunity Act of 1998 ("VEOA.")  The complete background history is quite complex, but the background needed to understand this motion can be stated simply.  Plaintiff alleges that he became aware that his rights under VEOA had been violated on January 5, 2007.  (Pl.'s 56.1 Stmt. ¶ 27.)  The parties do not dispute the following facts.  On February 13, 2007, Plaintiff submitted a complaint to the Department of Labor.  On February 13, 2007, the Department of Labor rejected the complaint as untimely.  On April 12, 2007, Plaintiff submitted an appeal to the Merit Systems Protection Board ("MSPB.")  In October of 2007, Plaintiff elected to terminate his VEOA appeal

before the MSPB and to proceed with it before the District Court. On January 7, 2008, Plaintiff filed the Complaint, alleging that he was "passed over for employment," in violation of VEOA.

The Government now moves for summary judgment on several grounds, and this Court finds persuasive the argument that judgment should be entered in favor of the Government because Plaintiff failed to timely exhaust his administrative remedies prior to filing his Complaint. Specifically, the Government contends that Plaintiff did not appeal to the MSPB within 15 days of the Department of Labor's decision, as mandated by 5 U.S.C. § 3330a(d)(1)(B). Plaintiff does not contend, in opposition, that his appeal was timely under 5 U.S.C. § 3330a(d)(1)(B). Nor does Plaintiff argue that good cause exists to excuse the late filing. Rather, Plaintiff seeks to defeat the motion for summary judgment by arguing that: 1) the Government has waived the timeliness argument; and 2) equitable tolling should apply.

Plaintiff's waiver argument is unpersuasive, for two reasons. First, Plaintiff cites Ester v. Principi, 250 F.3d 1068, 1072 (7th Cir. 2001), for the proposition that "when an agency decides the merits of a complaint, without addressing the question of timeliness, it has waived a timeliness defense in a subsequent lawsuit." The problem with this argument is that the MSPB did not ever decide the merits of Plaintiff's VEOA complaint; Plaintiff's exercise of his right to terminate the MSPB proceeding and bring it to the District Court required that the MSPB had not decided the merits. See 5 U.S.C. § 3330b(b)(2). Ester is thus inapposite.

Second, and more importantly, the record does not support finding, as a factual matter, that the Government waived a timeliness objection. Plaintiff's opposition brief argues: "At no point in the two hundred and eleven days since filing his appeal with the MPSB did the Department of Veterans Affairs raise the affirmative defense that the filing was untimely." (Pl.'s

Opp. Br. 19.) This is not correct. The record contains a letter dated October 24, 2007 from Sylvia Scott, representing the Department of Veterans' Affairs, to the Hon. Elizabeth Milligan, Administrative Judge for the MSPB. (MSPB file, Docket Entry No. 28-9 at 19.) In this letter, the Government devotes a paragraph to its timeliness objections. (Id. at 20.) It begins by noting that the Department of Labor had already rejected Plaintiff's complaints on timeliness grounds, and then sets forth both the statutory timeliness requirements for filing a complaint with the Department of Labor and for filing an appeal to the MPSB. (Id.) The Government argued that the appellant had failed to exhaust his administrative remedies because the Department of Labor had found his complaints to be untimely. (Id.)

Accompanying this letter was a document entitled "Agency Pre-Hearing Submission." (Id. at 21-25.) In the section which lists the agency's affirmative defenses to Plaintiff's claims, the document reads: "VEOA - The appellant's complaints to the Department of Labor were rejected as untimely." (Id. at 23.) Although this is directed at the untimeliness of the original complaint to the Department of Labor, rather than at the untimeliness of the appeal of the Department of Labor decision to the MPSB, this Court cannot conclude that the agency waived the argument of untimeliness. As a factual matter, then, the evidence of record shows that the Government did not waive the argument that Plaintiff failed to timely exhaust administrative remedies. Rather, it expressly asserted it. There is no evidence to support a finding of waiver.

Plaintiff next argues that the Court should use equitable tolling to defeat the affirmative defense. Plaintiff contends that Defendant has misled Plaintiff into believing that his complaint was timely. Given the record before this Court, this is, frankly, a bit tough to swallow. As noted, it is undisputed that the Department of Labor expressly denied Plaintiff's complaints as untimely,

and the record shows that the Government sent the MPSB a pre-hearing submission which objected to Plaintiff's complaints as untimely.  Furthermore, Plaintiff has not pointed to any evidence that the Government misled him on this score: Plaintiff's L. Civ. R. 56.1 Statement of Undisputed Material Facts does not point to any evidence that the Government misled him as to the timeliness of his complaints.  Rather, the only apparent foundation for this claim is the assertion that Defendant never raised a timeliness objection before the MPSB – an assertion, as established above, which is not supported by the record.  Plaintiff has failed to point to any evidence that the Government misled him as to the timeliness of his complaints.  Plaintiff suggests no other justification for applying equitable tolling.  This Court finds no basis for finding that fairness demands that Plaintiff be given the benefit of equitable tolling.

    Defendant contends that it is entitled to judgment as a matter of law on the affirmative defense of failure to exhaust administrative remedies in a timely fashion, as required by 5 U.S.C. § 3330a(d)(1)(B).  The undisputed evidence of record shows that Plaintiff did not appeal to the MSPB within 15 days of the Department of Labor's decision, as mandated by 5 U.S.C. § 3330a(d)(1)(B).  Plaintiff has offered no evidence to support his arguments that waiver or equitable tolling apply to defeat this defense.  Defendant has shown that it is entitled to judgment as a matter of law on its affirmative defense to Plaintiff's VEOA claim, and Plaintiff has failed to defeat Defendant's motion for summary judgment.

    Defendant's motion for summary judgment is granted, and Judgment on the Complaint shall be entered in Defendant's favor.

                                                           s/ Stanley R. Chesler
                                           Stanley R. Chesler, U.S.D.J.

Dated: August 9, 2010